## CHILDS a. FOX.

*New York Superior Court; General Term, March,* 1864.

SUPPORTING INJUNCTION BY ADDITIONAL AFFIDAVITS

The plaintiff is at liberty to read additional affidavits in support of an application for an injunction, when defendant reads affidavits in opposition thereto. It rests in the discretion of the court to allow the defendant to read affidavits in reply.

The court below having allowed the plaintiff, as a matter of right, to support his application for an injunction by affidavits additional to those served with his notice of motion: *Held,* that the admission of such affidavits was an exercise of the discretion of the court not reviewable by the general term.

Appeal from an order granting an injunction.

This action was brought by Casper C. Childs, a receiver of the property of William C. Lyons, appointed in supplementary proceedings, against George and Benjamin Fox, W. C. Lyons, and W. H. Lyons, to set aside an alleged contract between George and Benjamin Fox, and William H. Lyons, and a mortgage made by William H. Lyons to George and Benjamin Fox, and for an injunction restraining William C. Lyons and William H. Lyons from disposing of certain property, and George and Benjamin Fox from foreclosing the said mortgage. The plaintiff having obtained an order to show cause why an injunction should not be granted, the defendants read, to oppose the motion, answers and affidavits denying the allegations of the plaintiff's affidavits, but not containing new matter. On the hearing, the plaintiff asked leave to read additional affidavits, in reply to which the defendants objected. Their objections were overruled, and the affidavits were read in evidence. An order for injunction was obtained, which contained the following clause: "Such additional affidavits having been admitted as a matter of right in the plaintiff, defendants then and there objecting and excepting to such admission, on the ground that no new matter had been set up by the defendants."

The following opinion was given at special term:

MONCRIEF, J.—The plaintiff is at liberty to read, in support of his application to continue an injunction, affidavits additional to those upon which the order was granted, when the defendants have read affidavits in opposition to the motion.

Whether or not the defendants will be permitted to reply to the additional affidavits, of course will depend upon the circumstances attending each case, and will rest in the exercise of the sound legal discretion of the court.

The case of Shearman *a.* Hart (14 *Abbotts' Pr.*, 358), is not in conflict with this view; there the defendant had admitted the allegations made on behalf of the plaintiff, and the court properly did not permit, by reading so-called additional affidavits, a new case to be made out. (And see *Drewry on Injunctions*, 411; and 3 *Daniell's Pr.*)

In 2 Code Rep., 110 (Florence *a.* Bates), the court holds that " the same principles govern the mode of presenting the question, whether the application is on the part of the plaintiff for an injunction, or on behalf of the defendant for the dissolution of one already granted;" this being so, then section 226 in terms permits the plaintiff, without limitation, to read additional affidavits, the defendants opposing the continuance of the injunction by affidavit on their part.

The plaintiff, in my opinion, has a *prima facie* case made out against the defendants, which is not so satisfactorily answered by them as to withdraw the needed protection to the plaintiff, which an injunction provides ; the defendants can suffer but slight delay if in readiness for trial, and are protected against loss or injury by the undertaking given upon the granting of the order to show cause, &c.

The injunction should continue until the trial of the action, or the further order of the court. Ten dollars costs to plaintiff to abide event.

The defendants Fox, appealed from the order entered pursuant to this opinion.

*Walton, Shearman & Redfield,* for the appellants.—I. No new affidavits can be read except as to new matter. The moving party has no right to read new affidavits on the hearing of a motion, unless new matter is set up by his opponent; and

even then, can only reply to such new matter. (Grove *a.* Campbell, *Col. & Cai.*, 115; Powell *a.* Clark, 5 *Abbotts' Pr.*, 70; Deas *a.* Smith, 1 *Caines*, 172; Florence *a.* Bates, 2 *Code R.*, 110; S. C., 2 *Sandf.*, 675; see Shearman *a.* Hart, 14 *Abbotts' Pr.*, 358.) The provisions of the Code (§§ 225, 226) are not applicable to the present motion. This is not an application to vacate or modify an injunction.

II. The question of fraudulent intent is one of fact, not of law (2 *Rev. Stat.*, 137, § 4; 5th ed., 3d vol., 225.) The facts are consistent with honest dealing, and the presumption of innocence is not shaken by plaintiff.

III. The plaintiff asks a court of equity to deprive the Foxes of their claim upon the property, a claim strictly legal, and which also rests upon an equitable foundation for the benefit of persons whose claims are of no higher order in equity than the Foxes'. "He that seeks equity must do equity." (3 *Sandf.*, 671.)

IV. The defendants Fox, are purchasers for a valuable consideration without notice. (2 *Rev. Stat.*, 137, § 5; 5th ed., 3d vol., 225.) They are entitled to protection. (Jackson *a.* Henry, 10 *Johns.*, and note, 185, 186; Dunham *a.* Waterman, 3 *Duer*, 166, 183, and many other cases.)

V. The weight of evidence is certainly in favor of the defendants, leaving out of view any presumption which exists in their favor.

VI. Foxes' answer denies the whole merits and equities of the bill. They are solvent and responsible; as far as they are concerned, no immediate relief is demanded to prevent irreparable injury. As to them, the injunction cannot stand. (Dubois *a.* Budlong, 15 *Abbotts' Pr.*, 445, 449.)

*Benjamin T. Kissam,* for the respondent.—I. A clear *prima facie* right to relief appears upon the face of the complaint, and plaintiff was entitled to the injunction. (§§ 218, 219, of *Code.*)

II. The answer of the defendants Fox does not deny the whole equity of the complaint.

III. The denials are not full and specific. Facts are not denied which qualify the general denial; the answer denying knowledge or information sufficient to form a belief of facts within their own knowledge is not a denial. And other denials

are evasively made. (See Storer *a.* Coe, 2 *Bosw.*, 661; Litch-field *a.* Pelton, 6 *Barb.*, 187; Merritt *a.* Thompson, 3 *E. D. Smith*, 283, 297, and succeeding pages.)

IV. If, on examination of the circumstances, the court deems that the facts warrant the injunction, notwithstanding a formal denial, the rule in respect to a denial of the whole equity of the complaint will not be applied. (1 *Whittaker's Pr.*, 479.)

V. The additional affidavits on part of the plaintiff were properly received. The Code authorizes the granting of an injunction order in two ways, one *ex parte*, the other upon notice. If the judge deem it proper that the defendant should be heard, he may require him to show cause why it should not be granted. (*Code*, § 223.) If he shows cause, either voluntarily upon his motion to dissolve, or compulsorily under requirement by the court, by presenting affidavits, the plaintiff may oppose the same by affidavits, or other proofs. (§ 226 of *Code;* 1 *Whittaker's Pr.* 3d ed., pp. 472, 476, 480; Fowler *a.* Burns, 7 *Bosw.*, 637; Florence *a.* Bates, 2 *Sandf.*, 675, 678.) The rule contended for by defendants' counsel applies to cases where the defendant relies upon his answer only. (Hartwell *a.* Kingsley, 2 *Sandf.*, 674.)

By the Court.—Garvin, J.—The defendants, on the hearing in this action, read several affidavits denying the facts set forth in the plaintiff's complaint and the affidavits on the part of the plaintiff, whereupon the plaintiff, upon application to the court, was allowed to read affidavits explaining the affidavits on the part of the defendants, and in support of his complaint. This was an exercise of discretion on the part of the Justice at Chambers, over which we have no control, and cannot review. Had time been asked by the defendants to answer the new and additional affidavits, it would, doubtless, have been accorded to them, so that no harm could have resulted to the defendants. Besides, section 220 of the Code provides, that, upon its appearing *satisfactorily* to the court or judge, by the affidavits of the plaintiff or any other person, that sufficient ground exists therefor, the injunction may be granted. The affidavit accompanying the complaint is very positive, and details the facts with much care and particularity, and it may very well be, that the Justice who heard the motion was abundantly satisfied

on that affidavit alone, that satisfactory cause existed, and was made out by it, for continuing the preliminary injunction. That was a question on the facts for him to decide.

Entertaining these views, I am of opinion the order made at Chambers should be affirmed with costs.

MONCRIEF, J.—I concur.

BARBOUR, J. (dissenting).—This is an appeal from an order of a Justice at Chambers, continuing a preliminary injunction.

The order appealed from was made upon the return of another order, founded upon the complaint in the action and one affidavit, temporarily restraining the defendants from disposing of the property which is the subject-matter of the action, and requiring them to show cause why such injunction should not be continued.

At the hearing before the Judge, the complaint and affidavit, mentioned in the order to show cause, were read by the plaintiff's counsel. All the material allegations contained in the complaint, having reference to the proposed injunction, were stated therein to be made upon information and belief, and, therefore, furnished no evidence upon which to base an order. The affidavit, however, not only stated, positively, that the defendant, William C. Lyons, purchased from G. and B. Fox, and in part paid for, and was the owner of, the property, but averred that William H. Lyons did not purchase the same, and was not the owner thereof. The affidavits of all of the four defendants were then read by their counsel. These denied fully and unequivocally that William C. Lyon purchased, or partially paid for, or owned the property; and as positively alleged that William H. Lyons bought and owned the same.

It may farther be said, in this connection, that the person who made the affidavit used by the plaintiff does not appear to have been in any manner connected with the transactions sworn to by him, and does not state how he obtained his knowledge of the matter stated by him, nor, even, that he has any knowledge, from circumstances or otherwise, that the material facts testified to by him were true; while, on the other hand, the persons who made the other affidavits were themselves parties to the transactions of which they speak. If the case had

rested there, therefore, there can be no doubt the motion of the plaintiff ought to have been refused. But upon the application of the plaintiff's counsel he was then permitted by the justice to read nine affidavits, for the purpose, evidently, of supporting the statements contained in the affidavit first made, and not, so far as I can discover, to contradict or disprove any new matter of importance set up in the affidavits read by the defendants, or, if any, but little.

I think those additional affidavits were improperly received. Where new matter is set up in the affidavits read in opposition to a motion in cases of this description, the party making the motion may, in the sound discretion of the judge before whom it was made, be permitted to produce affidavits in reply to such new matter. (Florence *a.* Bates, 2 *Code R.*, 110.)

But it would be dangerous, as well as in many cases manifestly unjust, to permit a party opposing a motion to read affidavits in addition to those upon which his motion has been made, merely for the purpose of strengthening the case he has already made by his moving papers, and not to contradict or disprove new matter presented in the affidavits of his opponent. Indeed, it is difficult to imagine a case in which such admission would operate more oppressively upon the party against whom such additional papers were used, than the one now under consideration. For the defendants, it may well be assumed, went before the judge fully prepared, as they supposed, and, as I think, they were, to defeat the motion on the case made by the papers with which they had been served; and, after disproving the allegations they had been called upon to answer, they were met by a new series of affidavits which they had never seen, and to which they had had no opportunity to reply; although, for aught I can discover, the additional affidavits might have been obtained by the plaintiff, and served upon his opponents long before the hearing of the motion.

I am of opinion, therefore, that the order should be set aside and vacated, with costs.

Order affirmed.